IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RENATO CONHAMAQUES TAVORA,

     Petitioner,

v.                                         No. 1:25-cv-01281-MLG-GJF

MARY DE ANDA-YBARRA, Acting Director
of El-Paso Field Office, U.S. Immigration and
Customs Enforcement; TODD LYONS, Acting
Director, U.S. Immigration and Customs
Enforcement; KRISTI NOEM, Secretary of the
U.S. Department of Homeland Security; and
GEORGE DEDOS, Warden of the Torrance
County Detention Facility,

     Respondents.

**ORDER PARTIALLY GRANTING PETITION FOR WRIT
OF HABEAS CORPUS AND DIRECTING RESPONDENTS TO
CONDUCT A BOND HEARING PURSUANT TO 8 U.S.C. § 1226(a)**

This matter is before the Court on Petitioner Renato Conhamaques Tavora's Petition for Writ of Habeas Corpus ("Petition"), Doc. 1. Conhamaques Tavora, a Brazilian citizen, is detained at the Torrance County Detention Facility in Estancia, New Mexico. Doc. 1 ¶¶ 1, 9. Conhamaques Tavora challenges his continued detention and seeks a writ of habeas corpus under 28 U.S.C. § 2241 directing federal immigration authorities to release him from custody, or, in the alternative, to conduct a bond hearing pursuant to 8 U.S.C. § 1226(a). Doc. 1 at 5-7. He further requests that the Court grant injunctive relief, including enjoining Respondents from transferring him outside of the State of New Mexico during the pendency of this proceeding. *Id.* at 7. Conhamaques Tavora also seeks an award of costs under the Equal Access to Justice Act. *Id.* On February 13, 2026, federal Respondents filed a Response to the Petition. *See* Doc. 7.

Whether Conhamaques Tavora is eligible for a bond hearing pursuant to 8 U.S.C. § 1226(a), or whether he is instead subject to the mandatory detention provision provided by 8 U.S.C. § 1225(b)(2)(A),[1] is a question the Court has already addressed in regard to similarly situated petitioners. *See, e.g.*, *Cortez-Gonzales v. Noem*, No. 2:25-cv-00985, 2025 WL 3485771, at *3-5 (D.N.M. Dec. 4, 2025); *Diaz-Cruz v. Dedos*, No. 1:25-cv-01117, 2025 WL 3628517, at *2 (D.N.M. Dec. 12, 2025); *Gonzales Ramos v. Dedos*, No. 1:25-cv-00975, 2025 WL 3653928, at *2-5 (D.N.M. Dec. 17, 2025). Like the "vast majority" of courts confronted with this issue, the Court has concluded that § 1226(a)—not § 1225(b)(2)(A)—governs the detention of noncitizens[2] like Conhamaques Tavora, who has resided in the United States since November 2023. Doc. 1 ¶ 2; *see, e.g.*, *Bethancourt Soto v. Soto*, No. 25-cv-16200, 2025 WL 2976572, at *7 (D.N.J. Oct. 22, 2025) (emphasis removed) (collecting cases concluding that "§ 1225(b)(2)(A) applies only to noncitizens who are actively, *i.e.*, affirmatively, 'seeking admission' to the United States" and not to noncitizens who have been residing in the United States for several years).

Federal Respondents agree the Court's previous rulings control the outcome of this case because "[t]he facts are not materially distinguishable . . . for the purposes of the Court's decision on the legal issue of which statutory provisions govern Petitioner's detention." *See* Doc. 7 at 4.

---

[1] *Compare* § 1226(a)(2) ("On a warrant issued by the Attorney General, a[] [noncitizen] may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States . . . and pending such decision, the Attorney General . . . *may* release the [noncitizen] on . . . bond of at least $1,500 . . . ." (emphasis added)), *with* § 1225(b)(2)(A) ("[I]n the case of a[] [noncitizen] who is an applicant for admission, if the examining immigration officer determines that a[] [noncitizen] seeking admission is not clearly and beyond a doubt entitled to be admitted, the [noncitizen] *shall* be detained for a proceeding under section 1229a . . . ." (emphasis added)).

[2] "This [order] uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020); *see generally* 8 U.S.C. § 1101(a)(3) ("The term 'alien' means any person not a citizen or national of the United States.").

They assert that Conhamaques Tavora—like other similarly situated persons—is "subject to mandatory detention under § 1225(b)(2)(A) because he was present in the United States without being admitted or paroled." Doc. 7 at 3. In advancing this argument, federal Respondents once again cite the Board of Immigration Appeals' ("BIA") opinion in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). Doc. 7 at 3. The BIA's opinion is not binding on the Court, and the Court rejects the BIA's interpretation of the statutes for the same reasons articulated in its other decisions. *See, e.g.*, *Cortez-Gonzales*, 2025 WL 3485771, at *5 ("This Court is not bound by the BIA's interpretation of the relevant statutes—particularly when the [interpretation] lacks sound legal foundation."); *see also Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 386 (2024) ("The views of the Executive Branch [may] inform the judgment of the Judiciary, but [do] not supersede it."). Federal Respondents also cite the United States Court of Appeals for the Fifth Circuit's recent decision in *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026). Doc. 7 at 3. This is similarly not binding authority, and, respectfully, the Court does not find the majority opinion persuasive.

The Court therefore concludes § 1226(a) governs Conhamaques Tavora's detention. Respondents' reliance on § 1225(b)(2)(A) to detain Conhamaques Tavora without a bond hearing constitutes an ongoing violation of his right to due process under the Fifth Amendment to the United States Constitution. *See Lopez-Campos v. Raycraft*, 797 F. Supp. 3d 771, 785 (E.D. Mich. 2025) ("The discretionary bond framework under Section 1226(a) requires a bond hearing to make an individualized custody determination . . . . Therefore, without first evaluating [a noncitizen's] risk of flight or dangerousness, his detention is a violation of his due process rights."); *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention."); *see also Reno v. Flores*, 507 U.S.

3

292, 306 (1993) ("It is well established that the Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings."); *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) ("[O]nce [a] [noncitizen] enters the country, the legal circumstance changes, for the Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent.").

Accordingly, the Court will grant Conhamaques Tavora's request for a bond hearing. Federal Respondents are ordered to provide Conhamaques Tavora with an individualized bond hearing pursuant to § 1226(a) before a neutral immigration judge within seven days[3] of this Order's filing. At the bond hearing, federal Respondents must justify Conhamaques Tavora's continued detention by clear and convincing evidence.[4] If federal Respondents fail to meet this evidentiary burden, Conhamaques Tavora should be released on appropriate conditions. Federal Respondents are further ordered to file a status report within ten days of this Order's filing to certify their

---

[3] The deadlines in this order are to be calculated in accordance with Federal Rule of Civil Procedure 6.

[4] Federal Respondents argue that "there is no statutory authority that requires Respondents to justify continued detention by clear and convincing evidence at such bond hearing." Doc. 7 at 4. They suggest that because there is no statutory authority to place such an evidentiary burden on Respondents, the Court should not do so in this case. *Id.* at 4-5. Several years ago, the United States Supreme Court declined to decide whether the Due Process Clause of the Fifth Amendment to the United States Constitution requires that noncitizens being detained pursuant to § 1225 and § 1226 receive periodic bond hearings "at which the Government proves by clear and convincing evidence that . . . detention remains justified." *Jennings v. Rodriguez*, 583 U.S. 281, 291, 312-14 (2018). "Since *Jennings*, a number of district courts have taken up the question left open by the Supreme Court, and there has emerged a consensus view that where, as here, the government seeks to detain an alien pending removal proceedings, it bears the burden of proving that such detention is justified." *Darko v. Sessions*, 342 F. Supp. 3d 429, 435 (S.D.N.Y. 2018). The Court agrees that "given the important constitutional interests at stake, and the risk of harm in the event of error, it is appropriate to require the government to bear the burden . . . ." *Id.* Thus, "in accordance with the overwhelming majority of courts to have decided the issue," the Court "concludes that the government must bear the burden by clear and convincing evidence." *Id.* at 436.

4

compliance. The status report must include when the bond hearing occurred, if bond was granted or denied, and, if bond was denied, the reason(s) for the denial.

    If Conhamaques Tavora does not receive a bond hearing in accordance with this Order, the Court may order his immediate release.

    It is so ordered.

 

_____
UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA