**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

RENATO CONHAMAQUES TAVORA,

Petitioner,

v. Civ. No. 25-1281 MLG/GJF

MARY DE ANDA YBARRA, Acting Director of El Paso U.S. Field Office, U.S. Immigration and Customs Enforcement; TODD LYONS, Acting Director, U.S. Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security, in his official capacity;[1] GEORGE DEDOS, Warden of the Torrance County Detention Facility Correctional Facility,

Respondents.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[2]

THIS MATTER is before the Court on the *Opposition to Dismissal and Motion to Enforce Order* (Dkt. No. 10) ("*Motion to Enforce Order*") filed by Petitioner Renato Conhamaques Tavora ("Petitioner"). Respondents Mary De Anda-Ybarra, Todd Lyons, and Markwayne Mullin (collectively, the "Federal Respondents") oppose the motion. Resp., Dkt. No. 11. George Dedos, Warden of the Torrance County Detention Facility where Petitioner is being held, has not responded, but the Federal Respondents assert that their arguments apply equally to him. *Id.* at 1 n.1.[3] After Petitioner replied, the Court held a hearing on the *Motion to Enforce Order* on August 6, 2026. *See* Pet'r's Reply, Dkt. No. 12; Clerk's Minutes, Dkt. No. 20. This matter is ready for

[1] Petitioner named Kristi Noem, the former Secretary of the U.S. Department of Homeland Security ("DHS"). The Court substitutes Markwayne Mullin, the current DHS Secretary, under Federal Rule of Civil Procedure 25(d), which permits the automatic substitution of a public officer's successor as a party.

[2] The undersigned files this Proposed Findings and Recommended Disposition ("PFRD") pursuant to the presiding judge's Order of Reference (Dkt. No. 15).

[3] The Court therefore refers to the Federal Respondents and Warden Dedos collectively as "Respondents."

decision. Having considered the briefing, the evidence, the law, and the arguments of counsel at the hearing, the Court recommends that the *Motion to Enforce Order* be denied.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Petition, Response, and Order

Petitioner is a 25-year-old Brazilian citizen who entered the United States without inspection on November 28, 2023. Pet. ¶¶ 1-2, Dkt. No. 1. After Border Patrol encountered him the same day, he was released on his own recognizance. *Id.* ¶ 2. On September 13, 2025, he was detained. *Id.* ¶ 3. He has no criminal history. *Id.* ¶ 4.

On December 22, 2025, Petitioner filed his four-count Petition for Writ of Habeas Corpus, alleging: (1) violation of due process based on his mandatory detention without access to a bond hearing; (2) unlawful denial of release on bond in violation of 8 U.S.C. § 1226(a); (3) violation of bond regulations 8 C.F.R. §§ 236.1, 1236.1, and 1003.19; and (4) violation of the Administrative Procedure Act ("APA"). *Id.* ¶¶ 16-26. Respondents countered that Petitioner was subject to mandatory detention under § 1225(b)(2)(A), while acknowledging the Court's contrary controlling decisions. *See* Resp. 3-4, Dkt. No. 7.

Petitioner's asylum application was denied on January 12, 2026, pursuant to a bilateral agreement between the United States and Honduras and not on the merits. Joint Notice, Dkt. No. 19. Petitioner appealed the denial of asylum on February 10, 2026, and his appeal remains pending. *Id.* Petitioner is not yet subject to a final order of removal. *Id.*

On February 13, 2026, the Honorable Matthew L. Garcia entered an *Order Partially Granting Petition for Writ of Habeas Corpus and Directing Respondents to Conduct a Bond Hearing Pursuant to 8 U.S.C. § 1226(a)* (Dkt. No. 8). Ruling that § 1226(a) governs the detention of noncitizens like Petitioner who have resided in the United States for years, he ordered that a

bond hearing take place within seven days with the Respondents bearing the burden of proof by clear and convincing evidence. *Id.* at 2-4. He further required Respondents to file a status report after the bond hearing. *Id.* at 4-5.

**B. Immigration bond hearings**

Immigration Judge ("IJ") Brock Taylor held the Court-mandated bond hearing on February 17, 2026, during which he mistakenly applied the wrong burden of proof. *See* Pet'r's Mot. 2, Dkt. No. 10; Resp't's Resp. 1-2, Dkt. No. 11. According to his Order, he denied bond because Petitioner "has not met his burden of showing that he is not a flight risk." Order, Dkt. No. 11-1. Upon realizing that he did not comply with this Court's Order, IJ Taylor held a second bond hearing on February 18, 2026. *See* Pet'r's Mot. 2, Dkt. No. 10; Resp't's Resp. 2, Dkt. No. 11; Am. Order, Dkt. No. 11-2.

At the second hearing, IJ Taylor noted that he was reopening the prior bond hearing and that he had the Court's habeas Order that imposed the burden of proof on the Government. *See* Audio Ex. 00:18-00:30, Dkt. No. 14. He then discussed the evidence in the record, including two packets submitted by Mr. Conhamaques Tavora. *See id.* 00:30-1:50. Noting the Government carries the burden of proof, IJ Taylor gave the Government an opportunity to present its argument. *Id.* at 1:50-2:35. The Government asserted that because Mr. Conhamaques Tavora, a native and citizen of Brazil, had already been ordered removed to Honduras, which he opposes, he is a flight risk, as he has no intention of going to Honduras. *See id.* The IJ gave Mr. Conhamaques Tavora's counsel an opportunity to respond. *See id.* at 2:36-3:22. His counsel argued that the ACA[4] is being litigated and does not apply to him, that he has no criminal history, that he has never been arrested,

[4] DHS has entered into an Asylum Cooperative Agreement ("ACA") with third countries, such as Honduras, that permits removal of an alien who seeks asylum in the United States to the third country. *See Garcia Arce v. Janecka*, Case No. 5:26-cv-00070-SSS (BFM), 2026 WL 1971383, at *1 (C.D. Cal. July 7, 2026); *E-C-R- v. Noem*, Case No. 3:25-cv-1230-SI, 2026 WL 821799, *6 (D. Or. Mar. 25, 2026).

and that he is deserving of bail, even a high bail if necessary. *See id.* After placing Mr. Conhamaques Tavora under oath, the IJ asked him questions, with the assistance of an interpreter. *See id.* at 3:25-5:36. Mr. Conhamaques Tavora testified that he entered the United States in November 2023 and, although he does not have any family with lawful status, he has a girlfriend and American citizen friends. *See id.* The IJ gave Mr. Conhamaques Tavora's counsel another opportunity to address the issues, and he argued again that the IJ should impose a bond that ameliorates any risk of flight. *See id.* at 5:37-5:55.

The IJ then announced his findings on the record. *See id.* at 6:00-6:50. He concluded that DHS demonstrated that Mr. Conhamaques Tavora's continued detention was justified by clear-and-convincing evidence. *Id.* at 6:00-6:07. In support of his ruling, he explained that Mr. Conhamaques Tavora has a pending removal order; his asylum claim was denied; even if the claim were reversed and the ACA held to be invalid, his underlying claim is not a viable claim; he has no real ties to the United States; he entered unlawfully in November 2023; he is subject to the bilateral agreement with Honduras; and he does not fear persecution or torture in Honduras. *See id.* at 6:00-6:50. According to the IJ, the flight risk presented by a noncitizen like Mr. Conhamaques Tavora with no ties to the United States who has been ordered removed cannot be remediated. *See id.* at 6:39-6:51. After ruling that DHS had met its burden, IJ Taylor informed the parties of their right to appeal. *Id.* at 6:51-6:53. Through counsel, Mr. Conhamaques Tavora reserved his right to appeal. *See id.* at 6:51-7:00. IJ Taylor explained his ruling, again stating that he denied the request for bond because DHS showed by clear-and-convincing evidence that continued detention is justified. *Id.* at 7:15-8:35.

The IJ also entered a written Amended Order denying Petitioner's request for custody redetermination on similar grounds that he stated on the record:

> [DHS] has demonstrated that [Mr. Conhamaques Tavora's] continued detention is justified by clear and convincing evidence. [Mr. Conhamaques Tavora] unlawfully entered the United States on November 28, 2023. [He] has been ordered removed from the United States. [He] is subject to removal to Honduras pursuant to a bilateral agreement between the United States and Honduras. He does not fear persecution or torture in Honduras. [Mr. Conhamaques Tavora] has appealed that decision. Even if successful on appeal, [Mr. Conhamaques Tavora's] I-589 application does not set forth a strong claim for relief from removal.

Am. Order, Dkt. No. 11-2.

Following the hearing, Respondents filed a Status Report (Dkt. No. 9), informing the Court about the bond hearing held on February 18, 2026, and requesting that the Petition be denied or dismissed. Status Report 1, Dkt. No. 9. Although his counsel had expressly reserved the right to appeal, Petitioner ultimately did not appeal the denial of bond to the BIA. Joint Notice 2, Dkt. No. 19.

### *C. Motion to Enforce Order*

On February 23, 2026, five days after the Respondents filed their Status Report, Petitioner filed the *Motion to Enforce Order*. Petitioner argues that the IJ failed to comply with this Court's Order during the first hearing, in which he disregarded the Order mandating the Government bear the burden of proof. *Id.* at 3. According to Petitioner, the second hearing held the next day did not cure the defects because it revealed the same flawed reasoning with too heavy a reliance on Petitioner's illegal entry. *Id.* at 3-4. He thus asserts that the Court should deny Respondents' request to dismiss the Petition and instead grant the writ to require his immediate release from detention. *Id.* at 4.

Respondents object to Petitioner's motion because (1) the Court lacks jurisdiction to consider it; (2) Petitioner failed to exhaust his administrative remedies; and (3) the IJ properly applied the clear-and-convincing standard. *See* Resp. 2-3, Dkt. No. 11. They argue that 8 U.S.C. § 1226(e) bars jurisdiction because Petitioner is challenging a discretionary decision by the IJ – his

application of the legal standard to the evidence – which is properly raised via an appeal to the BIA, not in a habeas case. *Id.* at 3-4.

In reply, Petitioner insists that § 1226(e) does not strip this Court of jurisdiction because he is asserting a constitutional due process challenge. Reply 4-6, Dkt. No. 12. Further, he contends exhaustion is discretionary, futile, and should not be required here because the BIA lacks authority to resolve the constitutional questions presented. *See id.* at 3-4. Turning to the merits, Petitioner argues that the IJ at the first hearing clearly did not adhere to this Court's order, and the hearing the following day purportedly to correct the error was a sham, as the IJ disregarded extensive documents showing Petitioner was not a flight risk. *Id.* at 7.

## II. ANALYSIS

### A. Jurisdiction

A court may issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)). Nevertheless, Respondents argue that Petitioner's challenge to his bond determination is not subject to judicial review based on 8 U.S.C. § 1226(e):

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.

8 U.S.C. § 1226(e). Section 1226(e) bars judicial review of the Attorney General's discretionary decision to detain or release a noncitizen on bond. *See Mwangi v. Terry*, 465 F. App'x 784, 787 (10th Cir. Mar. 7, 2012). A court therefore generally lacks jurisdiction to review an immigration judge's bond determination. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1212-13 (9th Cir. 2022)

(rejecting petitioner's claims that IJ's denial of bond showed that procedures resulted in erroneous deprivation of his liberty interest; claim was merely a disagreement with merits of IJ's decision, which court lacks jurisdiction to review under § 1226(e)); *Borbot v. Warden Hudson County Correctional Facility*, 906 F.3d 274, 279 (3d Cir. 2018) (explaining that asking court to directly review IJ's bond decision is task Congress expressly forbid court from undertaking).

This Court, however, had jurisdiction to consider the Petition, which brought a constitutional challenge to the statutory framework underlying his mandatory detention under § 1225(b)(2). That constitutional challenge was one for which the Court, not the BIA, had jurisdiction to consider. *Cf. Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018) (holding that § 1226(e) does not preclude challenges to statutory framework that permits alien's detention without bail or to challenges to extent of Government's detention authority); *Miranda v. Garland*, 34 F.4th 338, 353 (4th Cir. 2022) ("And while the Attorney General's decision to adopt procedures placing the burden of proof on aliens detained under § 1226(a) may very well be discretionary, a constitutional challenge to its categorical, across-the-board nature, as opposed to the application of § 1226 to specific cases, is beyond the scope of § 1226(e)."). This Court thus had jurisdiction to enter its Order partially granting the Petition and imposing relief.

The Court also has authority to enforce compliance with its lawful orders. *See Shillitani v. United States*, 384 U.S. 364, 370 (1966); *Gall v. Scroggy*, 603 F.3d 346, 352 (6th Cir. 2010) ("[B]ecause a federal court always retains jurisdiction to enforce its lawful judgments, including habeas judgments, the court has the authority to see that its judgment is fully effectuated."); *Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992) (noting that district court had "jurisdiction to enforce the remedy set out in its original order"). Conditional writs are accommodations given to the government to provide time to cure an error, but when the government fails to comply with the

court's order, the "conditional grant of a writ of habeas corpus *requires* the petitioner's release from custody." *Satterlee v. Wolfenbarger*, 453 F.3d 362, 369 (6th Cir. 2006) (*quoting Fisher v. Rose*, 757 F.2d 789, 791 (6th Cir. 1985)). Consequently, courts retain jurisdiction to ensure compliance with their own habeas orders setting the burden of proof at immigration bond hearings. *See*, *e.g.*, *Yildiz v. Blanche*, No. 2:26-cv-178-KG-DLM, 2026 WL 1862305, at *1-2 (D.N.M. June 29, 2026) (holding that court has jurisdiction to consider petitioner's motion to enforce where he "does not challenge the IJ's discretionary weighing of the evidence or the ultimate bond determination" but rather "raises a constitutional claim that the IJ failed to follow the due process requirements set forth by this Court when denying bond"); *Cayambe Shulqui v. Bondi*, 2:26-cv-00205-KG-DLM, 2026 WL 821138, at *3-4 (D.N.M. Mar. 25, 2025) (same); *Hechavarria v. Whitaker*, 358 F.Supp.3d 227, 235-36 (W.D.N.Y. 2019) (reasoning that § 1226(e) does not apply when court is determining whether its own order was followed, *i.e.*, whether petitioner received due process).

Nevertheless, despite having jurisdiction to enforce their own orders, courts are constrained by § 1226(e). *See, e.g., Gallardo-Garcia v. Mullin*, No. 2:25-cv-01097-MLG-LF, Order 3-4, Dkt. No. 20 (D.N.M. July 13, 2026) ("While the Court retains jurisdiction to enforce its prior habeas order, it may not second-guess an IJ's fact-based determinations…. Therefore, the Court has a very narrow prerogative here: It is to determine whether [the IJ] applied the clear-and-convincing legal standard as directed."); *Davis v. Garland*, 708 F.Supp.3d 283, 294 (W.D.N.Y. 2023) (explaining that court does not review hearing evidence *de novo*, as it lacks jurisdiction to review discretionary decision of IJ and BIA). Section 1226(e) therefore strips jurisdiction to consider whether the IJ appropriately considered the evidence and factors. *See Lleshi v. Noem*, No. 1:26-cv-00032-KWR-SCY, Mem. Op. and Order 3, Dkt. No. 21 (D.N.M. Mar. 26, 2026) ("But the Court may not review whether the IJ failed to appropriately consider the evidence and factors relevant to determining

that Petitioner is a flight risk, even if Petitioner recasts them as constitutional issues."); *Jovel v. Noem*, No. 1:25-cv-01233-KG-DLM, 2026 WL 1430041, at *2 (D.N.M. May 21, 2026) (stating that court's jurisdiction does not extend to reweighing IJ's bond determination once procedures were followed; rather, review of bond determination is for BIA); *Mendoza Rivas v. Noem*, 2:25-cv-01311-DHU-KK, Order 3, Dkt. No. 13 (D.N.M. Feb. 9, 2026) (explaining that, to extent petitioner believes IJ's decision on bond was erroneous, proper avenue for relief is to file an appeal with BIA and declining to step into shoes of BIA and review merits of IJ's decision). As the Third Circuit explained, because courts lack jurisdiction to review discretionary determinations underlying the IJ's bond decisions, they are limited to reviewing only those challenges to the adequacy of process the petitioner received at his bond hearing. *Quinteros v. Warden Pike County Correctional Facility*, 784 F. App'x 75, 78 (Aug. 29, 2019). "In a § 1226(c) bond hearing, … due process requires three things. An alien: (1) is entitled to factfinding based on a record produced before the decisionmaker and disclosed to him or her; (2) must be allowed to make arguments on his or her own behalf; and (3) has the right to an individualized determination of his or her interests." *Id.* (internal quotations omitted). *See also de la Llana-Castellon v. I.N.S.*, 16 F.3d 1093, 1096 (10th Cir. 1994) ("In the adjudicative context, due process entitles a person to factfinding based on a record produced before the decisionmaker and disclosed to that person, and an individualized determination of his interests, [and] the decisionmaker actually consider the evidence and argument that a party presents.") (internal citations omitted).

For the foregoing reasons, the Court rejects Respondents' argument that it lacks jurisdiction to consider any aspect of Petitioner's *Motion to Enforce Order*. In accordance with § 1226(e), the Court will confine its review to ensuring that the IJ expressed adherence to the correct burden,

heard evidence and argument from the parties, and provided individualized reasoning for the ruling based on the evidence and argument presented.

**B. Exhaustion**

The INA mandates exhaustion as to final orders of removal, but it contains no exhaustion provision regarding challenges to preliminary custody or bond determinations. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004). Although § 2241 does not expressly require a petitioner to exhaust direct appeals before filing a petition for habeas corpus, as a prudential matter, habeas petitioners must exhaust available administrative remedies before seeking habeas relief under § 2241. *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010); *Castro-Cortez v. I.N.S.*, 239 F.3d 1037, 1047 (9th Cir. 2001), *overruled on other grounds by Fernandez-Vargas v. Gonzales*, 548 U.S. 30 (2006). Where exhaustion is not statutorily required, "sound judicial discretion governs." *Gonzalez*, 355 F.3d at 1016 (quoting *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992)).

Exhaustion generally does not apply to constitutional claims over which the BIA lacks jurisdiction, except in cases where the BIA could have corrected the procedural error. *Vicente–Elias v. Mukasey*, 532 F.3d 1086, 1094 (10th Cir. 2008) (explaining that exhaustion of constitutional challenges to immigration laws is not required because BIA lacks authority generally to resolve them but with caveat that objections to procedural errors that BIA could have remedied must be exhausted even if alien later attempts to frame them in terms of constitutional due process); *Onyenobi v. Bondi*, No. 25-3414, 2026 WL 838907, at *2 (6th Cir. Mar. 26, 2026). Where a petitioner challenges the evidence the IJ considered and its sufficiency, that is an issue that should be appealed to the BIA. Nevertheless, this Court, not the agency, has the authority to determine whether to enforce its own orders. The Court need not require further exhaustion of administrative remedies as to those constitutional issues for which this Court retains jurisdiction.

**C. Merits**

"To prove a fact by clear and convincing evidence is a heavy burden that equates to showing the fact is 'highly probable.'" *United States v. Dear*, 104 F.4th 145, 147 (10th Cir. 2024) (quoting *Florida v. Georgia*, 592 U.S. 433, 438-39 (2021)). *Accord Colorado v. New Mexico*, 467 U.S. 310, 316 (1984). In other words, the burden is satisfied only if the evidence presented "instantly tilt[s] the evidentiary scales in the affirmative when weighed against the evidence ... offered in opposition." *Colorado*, 467 U.S. at 316.

During the second bond hearing and in his Amended Order, the IJ stated that he was applying the clear-and-convincing standard. *See* Am. Order 1, Dkt. No. 11-2. He listed the evidence in the record, required DHS to present its argument first, and gave Petitioner an opportunity to respond twice. Moreover, the IJ set forth his factfinding and reasoning on the record, both at the hearing and in the Amended Order. The IJ's Amended Order explained: (i) Petitioner unlawfully entered the United States on November 28, 2023; (ii) Petitioner, who is from Brazil, has been ordered removed to Honduras where he does not fear persecution or torture; (iii) even if his appeal is successful, his underlying I-589 application (for asylum) does not set forth a strong claim. Am. Order, Dkt. No. 11-2. During the second hearing, the IJ also noted Petitioner's lack of any real ties to the United States, reasoning that the flight risk presented by a noncitizen with no ties to the United States who has been ordered removed cannot be remediated. *See* Audio Ex. 6:00-6:51, Dkt No. 14. The IJ repeatedly stated the correct standard on the record in the second hearing; engaged in factfinding based on the evidence in the record; gave Petitioner an opportunity to make arguments on his behalf; addressed those arguments; and made an individualized determination based on the evidence in the record. Petitioner therefore has failed to demonstrate a due process violation in how the IJ conducted the second bond hearing.

Petitioner nonetheless argues that Respondents indisputably violated the Court's Order in the first hearing and cannot cure the defect in the second hearing, as the Order only permitted one hearing. The Order required an individualized bond hearing before a neutral IJ within seven days. The IJ reopened the bond hearing the following day, within the seven-day deadline, and applied the Court-mandated standard. This Court disagrees with Petitioner's premise that the Order does not allow for the IJ to correct his error by re-opening the hearing and re-weighing the evidence using the clear-and-convincing standard in the second, promptly held bond hearing within the Court-imposed deadline. The Court will therefore consider what occurred in the second bond hearing. Furthermore, according to Petitioner, the IJ impermissibly attempted to insulate his earlier defect by expressing the correct standard but applying the same incorrect analysis in the second hearing. The record, as described *supra*, does not support Petitioner's argument that the IJ conducted a sham hearing on February 18, 2026, or that the first hearing irrevocably tainted the second.

For the foregoing reasons, the Court recommends finding that Petitioner has not established that the IJ violated the presiding judge's Order requiring the Government to bear the burden of proof by clear-and-convincing evidence in the second hearing. Any further weighing of the evidence would violate the jurisdiction-stripping provision of § 1226(e). *Cf. Quinteros*, 784 F. App'x at 76-78 (concluding that court lacked jurisdiction to review IJ's discretionary judgment regarding denial of bond and that bond hearing complied with constitutional due process requirements where IJ engaged in factfinding based on record; identified and itemized exhibits; heard evidence, testimony, and arguments from petitioner; and considered specific details of case before issuing assessment particular to petitioner); *Lleshi*, No. 1:26-cv-00032-KWR-SCY, Mem. Op. and Order at 4 ("Petitioner's claim depends on the assertion that the IJ abused his discretion

by improperly weighing [his] asylum application, the evidence Petitioner presented, and Petitioner's 14-month presence in the United States. This assertion is an argument challenging a discretionary determination that the Court may not review, and it must be addressed through the standard appellate procedure.") (internal footnote omitted); *Montenegro Olivas v. Lyons*, No. 2:25-cv-01197-MLG-GJF, Order 2, Dkt. No. 35 (D.N.M. April 7, 2026) (concluding district court lacked jurisdiction to consider whether IJ adhered to clear-and-convincing-evidence where IJ denied bond because petitioner was flight risk); *Mendoza Rivas v. Noem*, 2:25-cv-01311-DHU-KK, Order 2-3, Dkt. No. 13 (D.N.M. Feb. 9, 2026) (finding that IJ did not fail to shift burden of proof to Government as required by court's order where evidence showed that IJ expressly acknowledged burden-shifting provision of court's order, asked for Government's argument, and IJ agreed that petitioner was flight risk based on clear and convincing evidence, relying in part on weakness of asylum claim).

## VI. CONCLUSION

For the reasons stated above, the Court **RECOMMENDS** that Petitioner's *Opposition to Dismissal and Motion to Enforce Order* (**Dkt. No. 10**) be **DENIED**.

**SO RECOMMENDED.**

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE